IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT D. WOODS   *

  *

v.   *   Civil Action No. CCB-15-2725

RICHARD GRAHAM, JR.   *
and THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND   *

  *

******

**MEMORANDUM**

Robert D. Woods filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions in the Circuit Court for Baltimore County. ECF No. 1. In the petition, Mr. Woods raises one claim: the prosecution withheld exculpatory evidence at trial. *Id.* at 5-6.[1] Respondents have filed an answer. ECF No. 6.

Upon review, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6; *See also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (Petitioner not necessarily entitled to evidentiary hearing under 28 U.S.C. § 2254(e)(2)). For reasons that follow, the petition for writ of habeas corpus will be denied and dismissed with prejudice.

**Background and Procedural History**

Mr. Woods was charged with the May 12, 2008, burglary of Box and Save, a grocery store in Dundalk, Maryland. Ans. Ex. 6, Ct. of Special Appeals Op. at 10, ECF No. 6-6. On September 10, 2009, a jury trial sitting in the Circuit Court of Baltimore County convicted Mr.

---

[1] The court refers to ECF pagination for all documents.

Woods of second degree burglary and malicious destruction of property. Pet. at 2, ECF No. 1; Ans. Ex. 3, Sept. 10, 2009 Trial Trans. at 54, ECF No. 6-3. The Court sentenced Woods to thirteen years of imprisonment. Pet. at 1; Ans. Ex. 3 at 63.

The facts adduced at trial were summarized by the Court of Special Appeals of Maryland on direct appeal:

> The State introduced surveillance videotapes taken from the 48 motion cameras, running "24/7," positioned inside the store. The introduced tapes ran from 11:25 p.m. on May 12, 2008, to 4:20 a.m. on May 13, 2008, and showed two men breaking into the store and unsuccessfully attempting to open the safe. Still photographs from the videotapes were also introduced into evidence. A night manager of the store testified to the approximately $30,000 worth of damage the burglars did to the store, mostly to the security and alarm systems and the safe.
>
> Detectives Thomas Lamb and Gary Lappa, both of the Baltimore County Police Department, testified that, after the burglary, John Pratt and [Mr. Woods] were identified as suspects. Detective Lamb executed a search warrant for Pratt's house; Detective Lappa executed a search warrant for [Mr. Wood]'s house. During a search of Pratt's house, the police recovered from Pratt's bedroom several walkie talkie devices, headphones, and a police scanner. During a search of appellant's house, the police recovered from appellant's bedroom headphones and police scanners set to the Baltimore County Police Channel.

Ans. Ex. 6 at 10-11.

Mr. Woods and John Pratt were arrested during the execution of the search warrants. When questioned by Detective Lamb, Mr. Pratt initially denied committing the burglary or knowing Mr. Woods. Ans. Ex. 2, Sept. 9, 2009 Trial Trans. at 131-32, ECF No. 6-2. Mr. Pratt told Detective Lamb that the burglary was "bigger than me and if I tell you anything else, they will kill me and my family." *Id.*

The Court of Special Appeals' summary of the facts continues in relevant part:

> Pratt, who had pled guilty to burglary of the store, testified against appellant. He identified himself and appellant as the burglars from the two still photographs directly derived from the videotape from the store. Pratt testified as to his and

2

appellant's actions inside the store. He acknowledged that he had several prior convictions for burglary and theft. On cross examination, Pratt testified that he did not remember being asked by the police about appellant, telling the police that the burglary was "bigger than" the police knew, or telling the police that he was afraid for his family.

[Mr. Woods's] girlfriend testified that during the last couple of years, Pratt visited her and [Mr. Woods] at 1060 Bethune Street where she and [Mr. Woods] lived for nine years. A Baltimore City Police Department videotape was introduced into evidence and showed [Mr. Woods] with a bag walking to his house around 4:52 a.m. on May 13, 2008, shortly after the burglary.

Ans. Ex. 6 at 11-12.

During questioning Detective Lippa showed Mr. Woods photographs made from the Box and Save security camera recordings. Mr. Woods denied the photographs were of him or that he knew Pratt. Ans. Ex. 2 at 154-55.

Mr. Woods appealed his conviction. On May 10, 2011, the Court of Special Appeals affirmed Woods's convictions in an unreported opinion. Ans. Ex. 6 at 2. Mr. Woods filed a petition for writ of certiori which was denied on August 15, 2011, by the Court of Appeals of Maryland. Ans. Ex. 7, Pet. Writ of Cert., ECF No. 6-7; *Woods v. State,* 421 Md. 194 (2011).

On May 1, 2012, Mr. Woods filed a petition for post conviction relief in the Circuit Court for Baltimore County, which he later supplemented. Ans. Ex. 1, Cir. Ct. Case Summ. at 9, ECF No. 6-1; Ans. Ex. 8, Pets. Post Conviction Relief at 25-26, ECF No. 6-8. Relevant here, Mr. Woods raised a claim of prosecutorial misconduct for failing to disclose exculpatory evidence; specifically the police report of a burglary at Red Dot Liquor Store that occurred after his arrest on May 12, 2008. Ans. Ex. 8 at 27.[2] Mr. Woods claimed the liquor store burglars acted with a

---

[2] Woods filed with the petition Baltimore County Police Department reports of burglaries at Red Dot Liquors in criminal cases 07-138-0687 and 082520187. Pet. Ex. 2, Baltimore County Police Docs. At 2-7, 10-13. ECF No. 1-2. In the petition, he asserts the report in case 082520187 constitutes exculpatory evidence. Pet. at 6. Although Woods referenced cases 108284037 (a case in the Circuit Court for Baltimore City, *see infra* n. 3) and 07-1380687 in the

3

*modus operandi* similar to the Box and Save burglars, and had the jury known this information, there was a reasonable probability the outcome of his trial would have been different. *Id.*

Following a hearing on the petition, the circuit court denied post conviction relief on March 6, 2014. Pet. Ex. 1, State Ct. Docs at 2, ECF No. 1-1. Mr. Woods filed an application for leave to appeal the denial of post conviction relief, reasserting his claim that the prosecution failed to disclose exculpatory evidence. Pet. at 4-6. On July 7, 2015, the Court of Special Appeals of Maryland summarily denied Woods's application for leave to appeal the denial of post conviction relief. The mandate issued on August 7, 2015. Pet. Ex. 3, Ct. Special Appeals Docs., ECF No. 1-3.

## STANDARD OF REVIEW

Section 2254 states that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is "contrary to" clearly established federal law under § 2254(d)(1) where the

---

supplement to his post-conviction petition, it is likely Woods intended to refer to the report in case 082520187, which pertains to a burglary at Red Dot liquors on September 8, 2008. Ans. Ex. 8 at 26-27; *see* Pet. Ex. 2 at 10-13. The report for case 07-128-0687 pertains to a burglary that occurred on May 17, 2007, and would not be germane to his claim. *See* Pet. Ex. 2 at 2-7.

4

state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Under the "unreasonable application analysis," a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (quoting *Yarborough. v Alvarado*, 541 U.S. 652, 664 (2004)). In other words, "a federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S. 766, 773 (2010 (quoting *Williams v. Taylor*, 529 U.S. at 411).

Under section 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id.*

Further, "a determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where the state court has "resolved issues

like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id* (quoting *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003)).

## DISCUSSION

Woods claims that the prosecutor failed to produce exculpatory evidence consisting of a police report of a burglary at a liquor store showing a similar *modus operandi*. The post conviction court rejected the claim, stating:

> The Supreme Court has also held for a Petitioner to be entitled to post conviction relief on the basis of nondisclosure, the Petitioner must show that the evidence created a reasonable probability that the verdict would have been different had the evidence been disclosed. If the Petitioner is unable to satisfy that test, then they are not entitled to relief.
>
> \*\*\*\*\*\*\*\*\*\*\*
>
> This Court does not find and denies his request for relief on those grounds. This Court does not find that that is, in fact, exculpatory evidence and, in fact, is nothing that the State was required to produce to him as part of their discovery. It is evidence of another crime, and they are not required as part of this case to produce evidence of something that he was not charged with or has nothing to do with his involvement or alleged involvement in this crime. So that deals with the issue of prosecutorial misconduct, both of which are denied.

Pet. Ex. 1, State Court Docs, Mar. 6, 2014 Trans. at 12-14.

In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). "The question [of materiality] is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). "[T]he materiality inquiry is a context-specific determination." *Spicer v. Roxbury Correctional Institute,* 194 F.3d 547, 560 (4th

Cir. 1999). A court must "evaluate the whole case, taking into account the effect that the suppressed evidence, had it been disclosed, would have had on the evidence considered at trial." *U.S. v. Ellis*, 121 F.3d 908, 918 (4th Cir. 1997).

The state post conviction court findings are supported by the record. Assuming the prosecutor was aware of the liquor store burglary,[3] Mr. Woods fails to show that the police report was material, or that there was a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Evidence introduced against Mr. Woods at trial included testimonial and photo evidence. John Pratt identified Mr. Woods as the second burglar at Box and Save, and Mr. Woods was identified in the security camera photographs. A videotape was played to the jury that showed Woods walking to his house at 4:52 a.m. on May 13, 2008, shortly after the burglary.

This court may not grant habeas relief unless it finds that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under these circumstances, the court finds no error in the state post-conviction court's determination. The state post-conviction court's determination is well supported by the record. The state post-conviction court's factual findings are presumptively correct and withstand scrutiny pursuant to 28 U.S.C. § 2254(d) and (e). Moreover, there is simply no evidence that had the police report of

---

[3] In the supplement to his post conviction petition Mr. Woods claimed the police report was "concealed in the files of Petitioner's Baltimore City trial attorney in case #108284037." Ans. Ex. 8 at 26. In criminal case 108284037 Mr. Woods was convicted of second-degree burglary, malicious destruction of property, and theft of less than $500. *See* Maryland Judiciary, *108284037 Case Information*, Case Search, http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=108284037&loc=69&detailLoc=DSK8 (last visited May 8, 2018). Mr. Woods provides no reason why a Baltimore County prosecutor should be aware of an unrelated conviction contained in the file of his Baltimore City defense counsel.

the Red Dot liquor store burglaries been admitted at Mr. Woods's trial that there is a reasonable probability the outcome of the trial would have been different. Because Mr. Woods does not meet his burden to establish that the state post-conviction court's determination was unreasonable, the court will deny the petition.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Mr. Woods has failed to make a substantial showing that he was denied a constitutional right, and the court finds that reasonable jurists would not find the denial of habeas relief in this case debatable. Accordingly, a certificate of appealability shall not issue.[4]

## CONCLUSION

For the above reasons, the court concludes that Woods's Petition provides no grounds for habeas corpus relief. Accordingly, the Petition will be denied and dismissed.

A separate Order follows.

5/9/18
Date

Catherine C. Blake
United States District Judge

---

[4] Denial of a certificate of appealability in the district court does not preclude Mr. Woods from requesting one from the Court of Appeals.